DONIPHAN v. LEHMAN et al.

(Circuit Court, D. Indiana. June 16, 1902.)

No. 9,867.

1. CONTEMPT (§ 2*)—ACTS CONSTITUTING CONTEMPT OF COURT—CONSPIRACY TO COMMIT CONTEMPT.

A conspiracy to commit a contempt of court is not in itself a punishable contempt.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. § 5; Dec. Dig. § 2.*]

2. CONTEMPT (§ 13*)—ACTS CONSTITUTING "CONTEMPT" OF COURT—TAKING DEPOSITION.

Neither the taking of a deposition to be used in a federal court in another state, in pursuance of a conspiracy to impose upon the court, nor the filing and publication of such deposition, is a misbehavior in the presence of the court, or so near thereto as to obstruct the administration of justice, punishable as a contempt under Rev. St. § 725 (U. S. Comp. St. 1901, p. 583); but to constitute such contempt the deposition must have been used or offered in evidence.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. § 32; Dec. Dig. § 13.*

For other definitions, see Words and Phrases, vol. 2, pp. 1489–1492; vol. 8, p. 7614.]

Suit by John V. Doniphan against Abraham Lehman and others. On motion to quash information for contempt and to vacate rule to show cause. Motion sustained.

Winter & Winter and John R. Bennett, for complainant.

Banning & Banning, Offield, Towle & Linthicum, Miller, Elam & Fesler, A. C. Harris, R. S. Taylor, Milton Krauss and Loveland & Loveland, for defendants.

BAKER, Circuit Judge. This is a proceeding by affidavit and information against John V. Doniphan and Abraham Lehman, charging them with the commission of a contempt, and asking that they be ruled to show cause, if any they have, why they should not be punished therefor. The information charges in general terms:

(1) That a contempt of this court has been committed by the complainant, Doniphan, and the defendant Lehman, in that they have secretly, fraudulently, and collusively imposed upon the court by settling and compounding all causes and grounds of action forming in any way the subject-matter of the litigation, and have continued thereafter to prosecute this action and suit as if there were in reality and substance an existing contest or subject-matter in dispute.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

(2) That the complainant, Doniphan, and the defendant Lehman have conspired together in this action, under and after such settlement as aforesaid, to use this court as a means and an end to destroy the business of the defendants Charles J. Kraus and Hannah Kraus, to obtain large money judgments against them for the benefit of the complainant, and to enjoin them from the conduct and carrying on of their said business, to the sole benefit and advantage of the complainant, Doniphan; the defendant Lehman receiving large sums of money for his aid and assistance to bring about such results, as appears by the deposition of the complainant, Doniphan, in the case and affidavits filed herewith.

The affidavits show that the conspiracy alleged was entered into between Doniphan and Lehman in the states of Kentucky and New York, and the overt acts in furtherance of the conspiracy were committed in those states. The acts committed in Kentucky consisted in the sale and delivery of property and in the payment of money, and it is not claimed that those acts, however reprehensible, constitute any contempt of court. The only acts in New York in furtherance of the conspiracy consist in the taking of a deposition by the complainant, Doniphan, before an officer selected by agreement of the parties and sending the same by mail to the clerk of the court at Indianapolis, Ind., who received and filed the same to be used on the trial of the suit. Since the deposition has been filed, it has been published; but at whose instance is not shown. Do these acts constitute a contempt of this court?

The whole power to punish contempts is found in section 725, Rev. St. (U. S. Comp. St. 1901, p. 583), which provides as follows:

"The said courts shall have power to impose and administer all necessary oaths, and to punish by fine or imprisonment, at the discretion of the court, contempts of their authority: Provided, that such power to punish contempts shall not be construed to extend to any cases except the misbehavior of any person in their presence, or so near thereto as to obstruct the administration of justice, the misbehavior of any of the officers of said courts in their official transactions, and the disobedience or resistance by any such officer, or by any party, juror, witness or other person, to any lawful writ, process, order, rule, decree, or command of the said courts."

This statute embraces three classes of cases in which the court is given jurisdiction to punish contempts: (1) Misbehavior of any person in the presence of the court or so near thereto as to obstruct the administration of justice; (2) misbehavior of the officers of the court in their official transactions; (3) disobedience or resistance by any officer, party, juror, witness, or other person to any lawful writ, process, order, rule, decree, or command of the court. The facts set out clearly do not present a case of contempt under the second or third clauses of the above section. If a contempt is disclosed, it is under the first clause, making misbehavior in the presence of the court or so near thereto as to obstruct the administration of justice a contempt. A conspiracy to misbehave in or near the presence of the court for the purpose of obstructing the administration of justice does not of itself constitute a punishable contempt. It is the act of misbehavior in or near the presence of the court, and not the conspiracy, which constitutes the contempt. If the complainant, Doniphan, and the defendant

Lehman formed the alleged conspiracy, they committed no contempt in so doing. And if they have committed overt acts in furtherance of the conspiracy, they have not made themselves amenable to punishment for contempt unless their acts constitute misbehavior in or so near the presence of the court as to obstruct the administration of justice. The taking of a deposition in New York for the purpose of furthering the conspiracy cannot be held to be misbehavior in or so near the presence of the court as to obstruct the administration of justice. The taking of such a deposition is not misbehavior in or near the presence of the court, nor does its mere taking tend to obstruct the administration of justice. Something more must be done than merely to take a deposition in New York in order to obstruct the administration of justice here. The misbehavior must be a hindrance or obstruction of justice; and, so long as the deposition is not used or offered to be used in court, it cannot be regarded as an obstruction to the administration of justice. It may never be used or offered for use in court. The filing of it in the clerk's office and its publication after such filing cannot of themselves be held to be misbehavior in or so near the presence of the court as to obstruct the administration of justice. It cannot be regarded an obstruction to the administration of justice so long as it is neither used nor offered for use in or near the presence of the court. Doubtless, if the deposition were used or offered for use in court, it would constitute a contempt. But until some use is made, or is sought to be made of it, having a tendency to obstruct the administration of justice, no contempt has been consummated.

The present proceeding is premature, and the information is quashed at the costs of the petitioners, and the rule to show cause is vacated. The petitioners Kraus and Kraus are given an exception.